IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AVANGARD FINANCIAL GROUP, INC.,**<br>Plaintiff, | CIVIL ACTION |
| v. | |
| **RAICH ENDE MALTER & CO, LLP,**<br>Defendant. | NO. 12-6497 |

## O R D E R

**AND NOW**, this 17th day of April, 2015, upon consideration of Plaintiff's Motion for Partial Summary Judgment (Document No. 40, filed February 12, 2015); Brief of Defendant, Raich Ende Malter & Co., LLP, in Opposition to Plaintiff's Motion for Partial Summary Judgment (Document No. 46, filed February 26, 2015); Defendant, Raich Ende Malter & Co., LLP's Motion for Summary Judgment on Plaintiff's Claims (Document No. 41, filed February 12, 2015); Plaintiff's Response to Defendant's Motion for Summary Judgment on Plaintiff's Claims (Document No. 43, filed February 26, 2015); Defendant, Raich Ende Malter & Co., LLP's Motion to Preclude the Expert Report and Testimony of Thomas P. Kirwin (Document No. 42, filed February 12, 2015); and Plaintiff's, Avangard Financial Group, Inc., Response in Opposition to Defendant's Motion to Preclude the Expert Report and Testimony of Thomas P. Kirwin (Document Nos. 44 & 45, filed February 26, 2015), for the reasons stated in the accompanying Memorandum dated April 17, 2015, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment (Document No. 40) is **DENIED**;

2. Defendant, Raich Ende Malter & Co., LLP's Motion for Summary Judgment on Plaintiff's Claims (Document No. 41) is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. Defendant's Motion for Summary Judgment is **GRANTED** with respect to plaintiff's claims of unjust enrichment (Count III) and negligence (Count IV);

    b. Defendant's Motion for Summary Judgment is **DENIED** in all other respects;[1]

3. Defendant, Raich Ende Malter & Co., LLP's Motion to Preclude the Expert Report and Testimony of Thomas P. Kirwin (Document No. 42) is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. That part of defendant's Motion which seeks to preclude Thomas P. Kirwin from testifying at trial that defendant "is in breach of the Audit Engagement Letter" and that defendant "was negligent in [its] responsibilities to [plaintiff]" is **GRANTED**; and

    b. Defendant's Motion to Preclude is **DENIED** in all other respects.

**BY THE COURT:**

    /s/ Hon. Jan E. DuBois
    **DuBOIS, JAN E., J**

---

[1] The Court notes that in plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, plaintiff requests that the Court take judicial notice of and issue "individual rulings" with respect to three purported factual "admissions" made by defendant in its briefing: (1) defendant admits that it did not perform under the contract; (2) defendant admits that PCAOB Standard No. 3 provides that only that work which is documented is considered to have been performed; and (3) defendant admits that PCAOB Standard No. 3 applies to incomplete engagements. (Pl.'s Resp. Opp'n Def.'s Mot. Summ. J. 4.) First, a response brief is not a proper vehicle through which to request relief. Thompson v. Peak Energy Servs. USA, Inc., No. 13-0266, 2013 WL 5511319, at *4 n.1 (W.D. Pa. Oct. 4, 2013). Moreover, judicially noticing these "factual admissions" would be inappropriate because they are not admissions at all. With respect to the first alleged admission, although defendant admits that it did not complete the audit or issue an opinion, whether this establishes that it "did not perform under the contract" is an issue which is squarely in dispute in this case. With respect to the second and third alleged admissions, contrary to plaintiff's argument, defendant disputes these interpretations of Standard No. 3 in its briefing. Accordingly, to the extent it is necessary to rule on plaintiff's request for judicial notice, the request is **DENIED**.